IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(CRIMINAL MATTER)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.: 06-064-01 |
| | ) | |
| | ) | |
| Dwayne Simmons | ) | |
| Defendant | ) | |

<u>DEFENDANT'S POSITION WITH RESPECT TO SENTENCING</u>

COMES NOW the Defendant, DWAYNE SIMMONS, by and through counsel, Dwight E. Crawley, and, respectfully requests that this Court impose a sentence that is below the applicable guideline range of 24 to 30 months.  In support of his position, the defendant offers the following:

**<u>ARGUMENT</u>**

In *United States v. Booker, United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court made clear that sentencing courts must consider the sentencing guidelines before imposing a sentence.  Specifically, 18 U.S.C. § 3553(a) requires that a sentencing court consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment and adequate deterrence, to protect the public, and to provide the defendant with training or treatment as needed;

(3) The kinds of sentences available;

(4) The sentencing guidelines and policy statements; and

(5) The need to avoid unwarranted sentencing disparity among defendants with similar records who have been convicted of similar conduct.

## I.    **The Nature and Circumstances of the Offense**

The Defendant incorporates by reference the facts and circumstances submitted to this court on September 5, 2006, in the "Statement of Facts" section of Defendant's plea agreement.

## II. **History and Characteristics of the Defendant**

As stated in the pre-sentence report, the defendant does not have a significant criminal history.

The defendant is the father of three children; two of those children reside with him.  He pays child support in the amount of $860.00 to the mother of his youngest child.

The defendant has been employed with his current employer, Ball Metal, for the past five years.  During his tenure at Ball Metal, the defendant reports that he has not suffered any disciplinary actions.  Prior to his employment with Ball Metal,

the defendant worked for Gateway Computers, the victim of this case.

### III. __The Sentencing Guidelines Range__

The defendant acknowledges the guideline range calculation presented by the United States Probation Office in the Pre-Sentence Investigation Report submitted to this Court.

### A. __Acceptance of Responsibility__

The defendant fully accepts responsibility for his conduct. Moreover, the defendant acknowledged his illegal conduct at the time of his arrest and has not attempted to make any excuses for his behavior. In addition, the defendant's proactive assistance to the government's case against others involved in this matter has lead to the successful prosecution of those individuals.

### IV. __Other 3553(a) Factors__

The current charge provides a maximum sentence of five (5) years incarceration.

As this Court is aware, this crime occurred approximately five (5) years ago. Since 2002, the defendant has not engaged in any criminal conduct and has demonstrated a high level of maturation as a father and productive citizen. He maintains a stable home life and he serves as the primary caregiver to two of his children. The defendant has done everything asked of him by the United States Attorney to assist with the resolution

of this case and has not attempted to avoid prosecution or responsibility for his role in the offense. In addition, he has been compliant with the requirements set out by this court concerning his pre-trial supervision.

Concerning the instant offense, the defendant expresses great remorse and contrition for his behavior. He understands that his conduct cannot go unpunished. However, a period of incarceration would not serve the ends of justice and would only lead to a period of regression as it relates to the defendant. Furthermore, it would lead to the dismantling of his family and place his children at risk of not receiving the current level of support the defendant provides financially and emotionally.

The government has indicated that it will seek a sentence reduction in this case based upon the defendant's cooperation. Considering the enormous assistance provided by the defendant in this case as well as the defendant's obvious growth as a person during the past five years, the defendant asks that he be given credit for the limited time that he served in jail and placed on supervised release.

**CONCLUSION**

A sentence of incarceration limited to the time that the defendant has previously spent incarcerated concerning this matter as well as supervised release would serve the ends of

justice by deterring future criminal conduct by the defendant,
protect the interest and safety of the community by requiring
supervision of the defendant, and promote respect for the law
by punishing the defendant for his conduct.

Respectfully submitted
DWAYNE SIMMONS


By:_____
                 Counsel


Dwight E. Crawley
VSB# 43969
Law Office of Dwight E. Crawley
1655 N. Fort Myer Drive, Suite 700
Arlington, VA 22209
Phone:(703)786-4004
Fax:  (202)882-0024


CERTIFICATE

I certify that a true and exact copy of the foregoing was
mailed to Roy L. Austin, Assistant United States Attorney, U.S.
Attorney's Office, 555 4th Street, N.W., Washington, DC 20530,
on this 14th day of March, 2007.

_____
Dwight E. Crawley