UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | |
| : | Criminal No.:  06-0064-01 (HHK) |
| : | |
| **DWAYNE SIMMONS** : | |
| : | Sentencing: March 20, 2007 |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S MOTION UNDER U.S.S.G. § 5K1.1**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion pursuant to U.S.S.G. § 5K1.1.  That provision authorizes the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be recommended by the sentencing guidelines.  On September 5, 2006, Dwayne Simmons pled guilty to an indictment charging him with one count of conspiracy to commit mail fraud, in violation of Title 18, U.S.C. Code § 371.  Under the plea agreement, the government calculated the offense level at 15 (24 to 30 months at a criminal history category of III) with a possible 5K1.1 motion if Simmons provided "substantial assistance."  The United States submits this motion because Simmons rendered substantial assistance in the prosecution and investigation of two of his co-conspirators.

This is a case involving a conspiracy to steal new Gateway computers directly from the Gateway computer plant in Newport News, VA and to sell them in D.C. and across the country.  At the time of the conspiracy, Simmons worked at Gateway and was the key to the conspiracy because

of his access to the computers. Michael Ralph (06-0067 HHK), Simmons' close friend, ran much of the conspiracy by recruiting buyers and collecting and distributing money. Orlando Marshall (06-0005 HHK), Ralph's cousin, recruited Charles Emor and received delivery of a large number of the computers but gained virtually nothing (about $1,000) financially from the scheme. Charles Emor was one of the conspiracies biggest customers receiving no fewer than 70 computer systems between December 2000 and June 2002. Emor sold these computers, many of which were Gateway's highest end systems, for a substantial personal profit.

Simmons was approached early (July 2005) in the investigation and told investigators that he did not know anything about the stolen computers. But almost as soon as he was indicted in March 2006, Simmons came forward, admitted his role and became the government's most important witness for explaining how the scheme worked. Post-indictment, the government believes that Simmons has been truthful with the government and with the Court. Simmons was the first co-conspirator to say that the scheme started in 1998/1999 and not 2000 as others originally told the government. Because Simmons worked in Gateway, his information and testimony was essential for the trial of Emor. While the government was preparing for the trial, Simmons always made himself available without complaint with or without his attorney. This cooperation often required him to drive from Newport News, VA. In addition, Simmons participated in a conference call with Gateway officials to fully explain the scheme to them. Due in significant part to Simmons' cooperation, a jury found Emor guilty of one count of conspiracy to commit mail fraud.

Simmons deserves a five (5) point departure under 5K1.1 primarily because he wore a recording device to assist the lead agent make a case against a sixth co-conspirator. The government had information that there was a Gateway insider besides Simmons involved in the scheme but could

not make a case against him. Upon our request, Simmons wore a recording device that captured this co-conspirator acknowledging his role in the scheme. Realizing on his own that the restaurant in which he and the co-conspirator were meeting was too loud, Simmons moved the conversation outside to enable the government to get a clear recording of the conversation. With Simmons' recording, law enforcement officials re-approached the sixth co-conspirator, who originally denied any knowledge or involvement, and got him to make a full confession. The government is presently discussing a resolution with this person's attorney.

      The United States has carefully considered the nature and extent of Simmons' assistance and the decision to file this motion for departure from the guidelines represents the assessment by the United States of the overall nature of the assistance which Simmons provided. In reaching this conclusion, the United States accounted for the fact that Simmons' assistance was provided at critical junctures that significantly advanced the case's development and resolution. Based on it's assessment, the United States respectfully submits to the Court that a downward departure from the U.S.S.G. of five (5) levels to an Offense Level of 10. With a Criminal History Category of III, due to three DUI convictions, Simmons' range would be 10 to 16 months in Zone C.

WHEREFORE, the United States respectfully submits that the nature, extent and value of Simmons' assistance would justify a departure by the Court from the guidelines, and respectfully requests that the Court sentence Simmons consistent with Offense Level 10, Criminal History Category III.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

By:_____
     ROY L. AUSTIN, JR.
     Assistant United States Attorney
     Fraud and Public Corruption Section
     CA Bar #211491
     555 Fourth Street, N.W.
     Washington, D.C. 20530
     (202) 514-7566

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of this pleading was sent electronically to the attorney for the defendant, Dwight E. Crawley, 1655 N. Fort Meyer Drive, Suite 700, Arlington, VA 22209, this \_\_\_\_ day of March, 2007.

_____
Assistant United States Attorney